SO ORDERED.

SIGNED this 8 day of June, 2016.



_____
Joseph N. Callaway
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| IBRAHIM ABUHARB | Case No. 16-00903-5-DMW |
| DEBTOR | |

### ORDER ON MOTION TO AVOID JUDICIAL LIEN

The matters pending before the court are: (a) the Objection to Claim Number 3 of Mission Valley Shopping Center LLC filed by the chapter 13 debtor on April 11, 2016, Dkt. 17 (the "Claim Objection"); and (b) the Debtor's Motion to Avoid Judicial Lien of Mission Valley Shopping Center LLC, Dkt. 18 (the "Lien Motion"). Responses in Opposition to the Claim Objection and Lien Motion were filed by Mission Valley Shopping Center LLC on April 15, 2016, Dkt. 21 and Dkt. 22 respectively (the "Responses"), along with an Amendment to the Lien Motion subsequently filed on April 19, 2016, Dkt. 26.  All of the matters were noticed for hearing on June 2, 2016, in Raleigh, North Carolina. The hearing proceeded as scheduled before Joseph N. Callaway, United States Bankruptcy Judge presiding.  Counsel for the trustee, Mission Valley Shopping Center LLC, and the debtor appeared at the hearing.  After consideration of the pleadings, arguments of counsel, evidence presented at the hearing and other matters of record, the court finds and determines as follows:

**BACKGROUND**

Ibrahim Abuharb ("Mr. Abuharb" or the "Debtor") filed his present chapter 13 bankruptcy case (Case No. 16-00903-5-DMW, the "Second Case") on February 23, 2016. The Second Case was preceded by a chapter 13 case filed on June 18, 2012 in this court (Case No.12-04495-8-DMW, the "First Case"). Mr. Abuharb's chapter 13 plan in the First Case was confirmed and completed in due course, and his discharge in bankruptcy was entered in the First Case on January 23, 2014. The First Case discharge addressed and disposed of any personal liability of Mr. Abuharb to Mission Valley Shopping Center LLC ("MVA") resulting from a judgment obtained by MVA against him in the amount of $38,093.14, including interest and attorney fees, issued by the Superior of Court of Wake County, North Carolina, in case number 11 CVS 13585 and docketed in the Office of the Clerk of Superior Court of Wake County on December 5, 2011 (the "MVA Judgment").

Prior to the filing of the First Case, and at all relevant times since, the Debtor owned real property solely in his name used as his residence located at 8301 Rubblestone Path, Raleigh, North Carolina 27613 (the "Residence"). When the MVA Judgment was docketed in the Office of the Wake County Clerk of Court, a judicial lien automatically attached to the Residence under state law (the "MVA Lien"). Because no motion to avoid judicial lien was filed in the First Case, any non-consensual liens of record against real estate owned by the Debtor located in Wake County, North Carolina, were not extinguished and survived the First Case.

The Residence is valued at $195,000.00 in the schedules filed in the Second Case. Dkt. 10 at 3. Two consensual deeds of trust exist of record secured by the Residence, a first lien to or serviced by Bank of America, N.A. with an unpaid balance as of the Second Case petition date

of $156,274.74 and a second lien to the U.S. Department of Housing and Urban Development with a balance of $56,211.74.[1]

When the survival of the MVA Lien was recognized subsequent to the closing of the First Case, the Debtor moved to re-open that proceeding on August 7, 2015. The motion to re-open was denied by order dated October 9, 2015, and a motion for reconsideration of the denial was disallowed as well. Undeterred, the Debtor filed the Second Case for the apparent purpose of avoiding the MVA Lien. In the Second Case, he asserted a homestead exemption in the amount of up to $30,000.00 pursuant to N.C. Gen. Stat. § 1C-1601(a)(l). Schedule C-1, Dkt. 10 at 9.

## DISCUSSION

Section 522(f)(2)(A) of the Bankruptcy Code addresses nonconsensual judicial lien avoidance, as follows:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent of the sum of
> (i)     the lien;
> (ii)    all other liens on the property; and
> (iii)   the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

The $195,000.00 asserted value of the Residence was not seriously contested at the hearing on this matter. Because the sum of the two deeds of trust balances (about $212,500)[2] exceeds the property value, counsel for MVA conceded at the hearing that the MVA Lien

---

[1] In addition to the MVA Judgment, Citibank N.A. obtained a judgment against the Debtor for $3,773.64 in case file 11 CVD 1302, Wake County Superior Court docketed in the Office of the Clerk of Court of Wake County on August 11, 2011. The Citibank judgment lien is senior to the MVA Lien, and is the subject of a separate motion to avoid judicial lien filed by the Debtor in the Second Case, Dkt. 19, which is uncontested and addressed in a separate order.

[2] Because both deeds of trust are consensual in nature and at least $1.00 of each debt is secured by value in the subject property as of the applicable petition date, neither deed of trust liens are subject to "strip off" from the Residence pursuant to 11 U.S.C. § 506. *See In re Kidd*, 161 B.R. 769 (Bankr. E.D.N.C. 1993).

would be avoided upon plan confirmation, successful completion of the chapter 13 plan in the Second Case, and full compliance with Section 522(f). However, he asserted that imposition of MVA's fees and costs resulting from the Debtor's failure to seek lien avoidance in the First Case, the motions to reopen the First Case, the efforts to enforce the lien between the closing of the First Case and the filing of the Second Case, and otherwise associated with defense of the lien avoidance motion is appropriate under the facts and circumstances of this case.

In support, MVA cites *Noble v. Yingling*, 37 B.R. 647 (D. Del. 1984), and *Webb v. Robert A. Boroughs, Ltd.*, 48 B.R. 454 (Bankr. E.D. Va. 1985). In both cases, as here, the debtors failed to move timely to set aside a judicial lien under § 522(f), and the judgment lien creditor asserted that it incurred additional costs as a direct result. In *Noble*, the district court found that such costs may be reimbursable under certain circumstances, stating, "The equitable solution in cases of this type is to condition the debtor's right to file his lien avoidance action on his payment to the creditor of any extra costs attributable to that delay." *Noble*, 37 B.R. at 651 (citations omitted). However, because only four months had passed, the good faith of the debtors was not challenged, and the resultant attorney fees and costs were minimal, the *Noble* court imposed an equitable charge against the debtors of only $165.00, consisting of $15.00 in filing fees and $150.00 in attorney fees.

The *Webb* court considered a similar issue, and followed the holding in *Noble* to the extent of finding the existence of an available remedy if the case facts and circumstances warrant. It held that a bankruptcy court could condition allowance of delayed judicial avoidance with reimbursement for costs caused by the dilatory conduct:

> Should a case arise in which the Court feels it would be inequitable to bar completely the debtor's filing of a post-discharge lien avoidance action, but nevertheless, it is apparent that the creditor has incurred costs and attorney fees as a result of delays occasioned by the debtor, this Court under a rule granting the

> bankruptcy court discretion to condition the right to relief on the payment of costs and attorney fees, could fashion such relief as would be appropriate to the case.

*Webb*, 48 B.R. at 458. However, the *Webb* court then examined the particular facts in that case, weighed the equities, and ultimately held that facts in that case did not demand recovery of costs and attorney fees for the creditor.

The present case matches the circumstances for the possible remedy forecast by the *Webb* court and found in *Nobles*. Nearly two and a half years have passed since the discharge issued in the First Case (January 23, 2014). The court twice disallowed motions to re-open, and the Debtor has now filed a second case to get a second bite at the apple. The creditor meanwhile attempted judgment lien execution under its state law rights, and incurred costs and attorney fees in both the execution process and defending this action that it would not have sustained had the judicial lien avoidance motion been timely filed in the First Case. As a consequence, the court will award and condition lien avoidance on payment of a portion of the costs associated with the delay.

Counsel for MVA has submitted an affidavit into evidence detailing $30.00 in costs and $4,108.50 in attorney fees, plus an estimated $975.00 incurred preparing for and attending the bankruptcy court hearing on this matter.[3] The creditor therefore seeks to recover a total of $5,113.50. However, it appears that $2,679.00 of this total were incurred in 2015 and related directly to opposing the motions to re-open the First Case. Had either of those motions been allowed, the *Webb* analysis of "no harm so no fees" may have applied. Accordingly, the court in its discretion finds that the 2015 charges will be deducted from the sought recovery,

---

[3] The affidavit referenced in its last paragraph an offer to compromise that was not accepted by the debtor. The court on its own initiative strikes that paragraph from the affidavit for violation of Federal Rule of Evidence 408 and does not take it into account in this ruling in any manner. The court further admonishes counsel for MVA not to include in the future any settlement discussions in any unilateral document filed with this court.

leaving a balance of $2,434.50.  The Debtor will be required to pay the stated amount before the lien avoidance takes effect.

It is therefore ORDERED that (a) MVA be allowed and granted an administrative claim in this case of $2,434.50; (b) the Debtor shall amend his chapter 13 plan to pay the awarded amount in the Second Case chapter 13; (c) the MVA Lien shall have no further force and effect upon the Residence, conditioned upon and subject to (i) payment of the $2,434.50 charge, and (ii) completion of a confirmed chapter 13 plan in the Second Case; and (d) if the Second Case is subsequently dismissed or converted to a chapter 7 proceeding, then pursuant to 11 U.S.C. § 349(b)(1)(B) and 11 U.S.C. § 348(f)(1)(B), the MVA Lien shall remain valid and enforceable and shall continue to encumber the Residence, less a credit for any funds received by MVA or its counsel upon the allowed charge.

**END OF DOCUMENT**